IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Non Profit Corporation, and
GUADALUPE BETANCOURT, Individually,

      Plaintiffs,

v.                                        CASE NO.: 08-CV-1314-DWB

MOUNTAINGATE COMOTARA, LLC,
a Delaware Limited Liability Company,
SPRING STREET COMOTARA, LLC,
a Delaware Limited Liability Company,
and UNION STREET COMOTARA, LLC,
a Delaware Limited Liability Company,

      Defendants.
_____/

## CORRECTED CONSENT DECREE

This Consent Decree is entered into by and between DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation, and GUADALUPE BETANCOURT, Individually, hereinafter sometimes referred to as "Plaintiffs," and MOUNTAINGATE COMOTARA, LLC, a Delaware Limited Liability Company, SPRING STREET COMOTARA, LLC, a Delaware Limited Liability Company, and UNION STREET COMOTARA, LLC, a Delaware Limited Liability Company, Defendants, hereinafter sometimes referred to as "Defendants," on the date last executed below.

WHEREAS the Defendants' property is known as **COMOTARA CENTER**, and is located at **2929-2949 N. Rock Road, Wichita, KS 67226**. Plaintiffs claim that there are architectural barriers existing at the Defendants' property that constitute violations of the Americans with Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendants do not admit all of the allegations of the Plaintiffs' Complaint, but recognize that the Plaintiffs might prevail and receive some of the relief on the merits of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court's entry of an Order Approving and Entering the Consent Decree.

      1.      All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different

completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or after June 10, 2010, to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendants or their counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

2. Defendants shall pay Plaintiffs' counsel, Fuller, Fuller & Associates, P.A., and the Law Offices of Robert J. Vincze for Plaintiffs' attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter. The amount to be paid shall be $25,000, by check payable to Fuller, Fuller & Associates, P.A., thirty (30) days from date Agreement is signed by the Plaintiffs.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendants make a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. In the event any modification contemplated under this Consent Decree is deemed by any construction contractor, engineer, inspector, building official, or permitting department to be impossible or illegal, including, but not limited to, because of any structural restriction, safety hazard, or other cause, Defendants shall notify Plaintiffs as soon as practicable of such impossibility or illegality. Plaintiffs and Defendants will then confer in good faith regarding the claimed impossibility or illegality and, if necessary, an alternative modification. If Plaintiffs and Defendants cannot agree on the impossibility or illegality of any

       modification or an alternative modification, the parties will submit the issue to the Court.

8.     Upon the Court's approval of this Consent Decree and upon the Defendants' full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendants, their officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans with Disabilities Act at this property - Comotara Center, located at 2929-2949 N. Rock Road, Wichita, KS 67226.

9.     All references to the ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) – ADAAG

10.    The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

11.    This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

12.    The Defendants are advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

13.    Defendants shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions they have taken pursuant to this Consent Decree by June 10, 2010.

14.    Defendants shall make all modifications by June 10, 2010 that Mr. Mark J. Mazz recommended in his report of April 16, 2009, be made to the Comotara Center.

15.    Defendants shall implement by February 10, 2010, policies and procedures 8, 9 and 10 that are recommended on page 46 of the report of A.D.A. Compliance Team, Inc. dated February 18, 2009.

**SIGNATURES:**

**PLAINTIFFS:**

**By:** /s/ Maria Gallagher                **Date:**  May 12, 2009
    **Disabled Patriots of America, Inc.**

**By:** /s/ Guadalupe Betancourt           **Date:** _____
    **Guadalupe Betancourt**

**DEFENDANTS:**

**By:** /s/ Jason Lieberman                **Date:**   May 13, 2009
**Mountaingate Comotara, LLC**

**By:** /s/ Jason Lieberman                **Date:**    May 13, 2009
    **Spring Street Comotara, LLC**

**By:** /s/ Jason Lieberman                **Date:**    May 13, 2009
    **Union Street Comotara, LLC**

## ORDERS OF THE COURT

The Court has granted an unopposed motion (Doc. 29) to re-open the above case for the limited purpose of entering the above Corrected Consent Decree, and this Corrected Consent Decree is hereby APPROVED and Entered, with the Court retaining jurisdiction over this matter

for the purpose of enforcement of the Corrected Consent Decree.  The re-opened case is now again DISMISSED with prejudice, and to the extent no otherwise disposed of herein, all pending motions are hereby DENIED as moot as the case is now being closed again.

    IT IS SO ORDERED this 22nd day of June, 2009.

                                                            s/   DONALD W. BOSTWICK
                                                  UNITED STATES MAGISTRATE JUDGE